JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Patrick Mabrey appeals from the judgment of the trial court convicting him of one count of possession of cocaine in violation of R.C. 2925.11. Mabrey and two of his friends were approached by police investigating a report of a disturbance between Mabrey and his friends and two other persons. According to the police, while they were questioning Mabrey about the disturbance, he backed away from them and sat on a wall behind the sidewalk. After the police had informed Mabrey and his friends that they were free to leave, one of the officers looked on the wall where Mabrey had been sitting, and he found a bag of what appeared to be crack cocaine.
Mabrey and his friends had entered a car and were leaving the scene when the officer alerted his partner that he had located drugs. Mabrey was the driver of the car. The officers then stopped the car, and informed Mabrey about the drugs the officer had found. Mabrey denied knowledge of the drugs. When the police requested permission to search his car, Mabrey denied them permission. He stated that the car belonged to his girlfriend.
The officers then placed Mabrey in the back seat of a police car and requested the presence of a K-9 unit. Another officer with a dog arrived and informed Mabrey that the dog would be used to detect the scent of any drugs in Mabrey's car. He told Mabrey that if drugs were found, the car would be impounded, but if Mabrey told him where the drugs were located, the car would not be impounded. Mabrey then told the officer that there were drugs in the ashtray of the car. Another officer looked in the ashtray and found crack cocaine. Mabrey was charged with and convicted of possession of the cocaine found in the car.
On appeal, counsel for Mabrey has filed a brief in accordance with Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, stating that a conscientious review of the record had revealed no arguable errors in the trial proceedings. Consequently, counsel has sought to withdraw from the appeal while urging this court, consistent with Anders, to conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
This court has the responsibility to review the entire record and, if the appeal is wholly frivolous, either to dismiss the appeal or to conclude that there is no prejudicial error. If, however, we find that legal points arguable on their merits exist, we must afford Mabrey the assistance of counsel to argue the appeal. After reviewing the entire record in this case, we are satisfied that counsel has provided Mabrey with a diligent and thorough search of the record, and we conclude that counsel has correctly concluded that this appeal is frivolous. See Penson v.Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. Counsel's motion to withdraw is overruled, and the judgment of the trial court is affirmed.
Though this appeal is frivolous, see App.R. 23, we refrain from requiring Mabrey to pay appellee's reasonable expenses including attorney fees and costs, and from taxing against him the fee or damages permitted by statute, because he is clearly indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _________________ Hildebrandt, P.J.
Gorman and Sundermann, JJ.